UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL CALHOUN,

    Plaintiff,

v.

                                          Case No. 10-15176
                                          Hon. Lawrence P. Zatkoff

FORD MOTOR COMPANY,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 3, 2011.

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter comes before the Court on Plaintiff's Motion to File a First-Amended Complaint [dkt 3]. Defendant filed a response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiff's Motion to File a First-Amended Complaint is GRANTED.

**II. BACKGROUND**

Plaintiff, Daniel Calhoun, started work with Defendant on March 3, 1965. In 1993, Plaintiff began receiving long-term disability benefits, which continued until January of 2007. In March of 2007, Plaintiff retired and applied for retirement benefits. Plaintiff's benefits under his pension plan

were based upon twenty-nine years of service. Plaintiff, however, contends that, at the time he applied for retirement benefits, he had over forty-two years of service. Thus, his benefits were erroneously calculated. Plaintiff also alleges that Defendant refuses to pay Plaintiff his health care, life insurance, and other benefits he is entitled to as a retiree. Because of this allegedly erroneous calculation and refusal to pay various benefits, Plaintiff filed an action in the Wayne County Circuit Court alleging a single claim for breach of contract.

On December 30, 2010, this action was removed by Defendant from the Wayne County Circuit Court. In its Notice of Removal, Defendant alleges that Plaintiff's breach of contract claim is superseded by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et. seq*. On January 5, 2011, Defendant answered Plaintiff's Complaint. The following day, Plaintiff filed the instant motion to amend his Complaint to add a second Count, which alleges that Defendant violated ERISA.

### III. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 15(a)(2), a court should grant leave to amend "when justice so requires." Among the Court's considerations in deciding whether to allow an amendment are "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by the previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

## IV. ANALYSIS

Plaintiff seeks to amend his Complaint because Defendant removed this action from state court, alleging that Plaintiff's contract claim is superseded by ERISA. Plaintiff now seeks to add a count alleging a violation of ERISA. Defendant argues that Plaintiff's motion should be denied because he: (1) fails to identify any new facts prompting the need to amend his Complaint; and (2) fails to provide any reason for the delay in his request to amend his Complaint.

The Court finds Defendant's arguments unpersuasive. First, the fact that Plaintiff does not identify any new facts, but only seeks to add another legal claim based on the facts in his Complaint, lessens any prejudice that may result to Defendant because Defendant was aware of these allegations when it removed and answered the Complaint. Further, Plaintiff's additional claim alleges a violation of ERISA—the same Act that Defendant alleged superseded Plaintiff's breach of contract claim. So, Defendant is also aware of the legal underpinnings of Plaintiff's additional claim. Second, Plaintiff has not delayed in seeking amendment of his Complaint. Defendant removed Plaintiff's action from state court on December 30, 2010, and Plaintiff filed this motion on January 6, 2011—only six days, including the New Year's holiday, later. As such, the Court finds that Defendant will not be unduly prejudiced by permitting Plaintiff to file his First-Amended Complaint.

## V. CONCLUSION

Accordingly, for the above reasons, IT IS ORDERED that Plaintiff's Motion to File a First-Amended Complaint [dkt 3] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is GRANTED leave to file the First-Amended Complaint attached to the instant motion and brief.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: March 3, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 3, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290