## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DANIEL CALHOUN,

       Plaintiff,                                 Case No. 10-15176

v.                                                 Hon. Lawrence P. Zatkoff

FORD MOTOR COMPANY,

       Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 20, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court based upon two issues that arose between the parties at a scheduling conference held on April 7, 2011. At the scheduling conference, the parties disputed whether any discovery should be permitted. To resolve the dispute, the Court ordered the parties to brief the two issues: (1) whether the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. governs Defendant's retirement-benefit plan; and (2) whether this case should be resolved based upon the Court's review of the administrative record that was before the plan administrator. In compliance with the Court's order, Defendant filed the administrative record [dkt 13] and its Motion for this Court to Proceed with this Matter as an ERISA-governed Matter [dkt 14]. Plaintiff filed a response, and Defendant replied to Plaintiff's response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore,

pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted.  For the following reasons, Defendant's Motion for this Court to Proceed with this Matter as an ERISA-governed Matter is GRANTED.

## II.  BACKGROUND

Plaintiff, Daniel Calhoun, started work with Defendant on March 3, 1965.  In 1993, Plaintiff began receiving long-term disability benefits, which continued until January of 2007.  In March of 2007, Plaintiff alleges that he retired and applied for retirement benefits under Defendant's General Retirement Plan ("Plan").  Plaintiff's application for Deferred Vested Retirement benefits was approved in or around April 2007, and he began receiving monthly benefits (retroactive to February 1, 2007).  Plaintiff's award of retirement benefits under the Plan was based upon twenty-nine years of service.  Plaintiff, however, contends that, at the time he applied for retirement benefits, he had over forty-two years of service.  Thus, his benefits were erroneously calculated.  Plaintiff also alleges that Defendant refuses to pay Plaintiff his health care, life insurance, and other benefits he is entitled to as a retiree.  Plaintiff seeks damages for Defendant's breach of the Plan, including damages for loss of earnings, the value of his fringe benefits, mental and emotional distress, and consequential damages in an amount in excess of $25,000.

## III. ANALYSIS

### A.  ERISA GOVERNS

Upon review of the parties' briefs, the parties do not dispute that the Plan is an ERISA plan, and thus ERISA controls.  Rather, the parties dispute whether this Court should apply *de novo* review of Defendant's alleged denial of Plaintiff's award of benefits.

2

### B. The Court's Review is Limited to the Administrative Record

Pursuant to 29 U.S.C. § 1132, a "participant or beneficiary" of an ERISA-governed plan may bring an action "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the plan." *Id.* at § 1132(a)(1)(B); *see, e.g.*, *Murray v. HSBC Fin. Corp.*, No. 09-10156, 2009 WL 3241971, at *3 (E.D. Mich. Oct. 8, 2009). Under § 1132(a)(1)(B), the Court reviews an administrator's decision regarding benefits *de novo*, unless the plan grants the administrator discretion in administering the plan, in which case the decision is reviewed to determine whether the decision was arbitrary or capricious. *Smith v. Bayer Corp. Long Term Disability Plan*, 275 Fed. Appx. 495, 504 (6th Cir. 2008); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 616 (6th Cir. 1998).[1]

Defendant contends that the Court's review is limited to the administrative record that was before its Retirement Committee at the time of its decision. Defendant supports its contention with the fact that Defendant's Retirement Committee is granted the final discretion in administering the Plan, and Plaintiff has not argued a procedural challenge to Defendant's decision. In response, Plaintiff argues four reasons why the Court should review the Retirement Committee's decision regarding benefits *de novo*:

> (1) Discovery is allowed where a claimant alleges procedural irregularity, lack of due process, or bias on the part of the plan administrator;

---

[1] "Under the arbitrary-and-capricious standard, [the Court] must uphold the administrator's decision 'if the administrator's interpretation of the Plan's provision is reasonable.'" *Kovach v. Zurich Am. Ins. Co.*, 587 F.3d 323, 328 (6th Cir. 2009) (quoting *Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 300 (6th Cir. 2006)). "When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Davis*, 887 F.2d at 693 (quoting *Pokratz*, 771 F.2d at 209) (internal quotation marks omitted).

3

(2) Discovery is allowed when there are issues involving errors in the plan's notice or claims review procedure;

(3) Defendant's denial of Plaintiff's claim for benefits fails to meet the statutory requirements pursuant to ERISA; and

(4) Evidence submitted to the plan at the "plan's invitation" may be taken into consideration by the Court.

The Court agrees with Defendant and finds Plaintiff's arguments unpersuasive and irrelevant. With respect to Plaintiff's first argument, he fails to cite any legal authority that supports his conclusion. Further, Plaintiff supports his second argument by citing to a benefits law journal, but he fails to cite any case law that supports such a conclusion.

With respect to Plaintiff's third argument, nothing in the record indicates that Plaintiff was denied retirement benefits under the Plan. Rather, Plaintiff misconstrues Defendant's *award* of benefits based on 29 years of service as a *denial* of benefits because Plaintiff alleges he is entitled to an award of benefits based on 42 years of service. Reviewing Plaintiff's Complaint and the administrative record, Plaintiff was not sent a notice of denial because his application for retirement benefits was approved. As such, Plaintiff fails to cite any legal authority that an award of benefits based on an erroneous calculation of Plaintiff's years of service warrants *de novo* review or that there was any procedure undertaken by Defendant to deny Plaintiff an award of benefits.

Finally, Plaintiff fails to demonstrate to the Court that his fourth argument is even relevant to the present action. Plaintiff does not point to any evidence submitted to the Plan at its invitation. Further, Plaintiff fails to explain what he means when he states "the plan's invitation." Moreover, to the extent Plaintiff argues that because Defendant continued to pay him *disability* benefits through 2007, Plaintiff fails to show that receipt of *disability* benefits after his termination has any bearing on his award of *retirement* benefits. The Plan under which Plaintiff currently receives benefits is

4

a "retirement plan for eligible salaried employees."  Admin. R. at AR0068.

Turning to the Plan at issue, it grants Defendant's Retirement Committee the following discretion:

> The Committee shall administer the benefit structure of the Plan, and to this end *may construe the Plan*, and *may correct* any defect or supply any omission or reconcile any inconsistency in such manner and to such extent as it shall deem expedient to carry out the purpose of the Plan.
>
> * * *
>
> Any action of the Committee (within the scope of its functions) shall be final and conclusive upon any member and upon every person entitled to or claiming benefits or membership under the Plan.

Admin. R. at AR0160 (emphasis added).  The Court finds that this language grants Defendant's Retirement Committee discretion in interpreting the terms of the Plan.  *See, e.g., Univ. Hosps. of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 845–46 (6th Cir. 2000).  As such, the Court limits its review to the administrative record [dkt 14] before the plan administrator and determines whether the administrator's actions were arbitrary and capricious.  *See, e.g., Wilkins*, 150 F.3d at 615; *Firestone Tire & Rubber Co. Bruch*, 489 U.S. 1010, 115 (1989) (holding that the *de novo* review standard only applies when there is "no evidence" that the plan administrator has discretionary authority to make a final decision on a claim for benefits).

### III.  CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Defendant's Motion for this Court to Proceed with this Matter as an ERISA-governed Matter [dkt 14] is GRANTED.

IT IS FURTHER ORDERED that Defendant need not respond to Plaintiff's recently issued discovery requests as this case will be resolved solely on the administrative record [dkt 13].

IT IS FURTHER ORDERED that no further discovery is permitted in this case.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  June 20, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 20, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290